## HOME TITLE INS. CO. v. RINALDI.
### No. 1073.

Municipal Court of Appeals for the District of Columbia.

Argued June 18, 1951.

Decided June 28, 1951.

James J. Gorman, Jr., Washington, D. C., with whom J. George Gately, Washington, D. C., was on the brief, for appellant.

Francis W. Taylor, Washington, D. C., with whom Sylvester J. Aquino, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant title company sued appellee Rinaldi for the cost of title examination and preparation of documents necessary for settlement of a contract made by Rinaldi to purchase certain real estate. Rinaldi denied liability, alleging he had not ordered the title examination or authorized anyone to do so on his behalf.

The evidence for the title company was that some unidentified person ordered search of title by telephone, that search was made, papers prepared and settlement date fixed, and that Rinaldi appeared at the title company on the day fixed but refused to go through with the settlement.

Rinaldi testified that he signed the contract of purchase and went to the title company prepared to settle but declined to do so when he learned of certain misrepresentations respecting the property; that he did not order the title search but assumed that the broker who negotiated the contract had ordered it. He further testified that he would not have completed the purchase without a title search first being made.

On the foregoing testimony the trial court found in Rinaldi's favor. The title company argues that such finding cannot be sustained by the evidence. It argues that the title search was made for Rinaldi's benefit, and since he would not have settled without such a search and had assumed that the broker ordered it, his act in going to the title company to settle was a ratification of the agency of the broker in ordering title search.

The defect in this argument is that it assumes that cost of title examination and conveyancing was to be at Rinaldi's expense. While it is customary in this jurisdiction for the purchaser of real estate to pay for such expense, it is not the invariable rule. The contract of purchase, which usually provides whether seller or buyer shall pay for cost of examination and conveyancing, was not put in evidence. It may have placed the burden on the seller of both ordering and paying for title examination. In that event the broker in ordering title, if he did order it, was acting for the seller and not the buyer. The title company not only failed to produce the contract but did not call as a witness either its employee who took the order over the telephone, or the broker or the seller. Under these circumstances, we cannot hold that the trial court was in error in ruling that the title company failed to carry its burden of proof.

Affirmed.